IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS BALDWIN,

    Petitioner,
v.                                     Case No. 4:18cv429-WS/CAS

MARK S. INCH, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about September 5, 2018, Petitioner Thomas Baldwin, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. He filed an amended § 2254 petition on December 18, 2018. ECF No. 7. On July 8, 2019, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies, with exhibits. ECF No. 14. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 13.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The

pleadings and attachments before the Court show the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner Thomas Baldwin indicates he challenges his conviction and sentence entered June 23, 2015, by the Third Judicial Circuit, Madison County, Florida, following a jury trial in case number 14-283-CF. ECF No. 7 at 1-2. In particular, the jury found Baldwin guilty of aggravated assault with a deadly weapon (handgun), and discharged the gun, contrary to sections 775.087(2)(a)2. and 784.021, Florida Statutes, and shooting into a dwelling, contrary to section 790.19, Florida Statutes, in connection with events that occurred October 31, 2014. Ex. A at 7-8, 25-26; Ex. B at 265-66.[1] The trial court adjudicated him guilty and sentenced him to a minimum mandatory term of twenty (20) years in prison for the first conviction and fifteen (15) years in prison on the second conviction, to run concurrent. Ex. A at 28-38; Ex. B at 269-71. On July 10, 2015, Baldwin's counsel filed a

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 14.

notice of appeal. Ex. A at 53, 64. A notice of substitution of counsel for Baldwin was filed August 18, 2015. Ex. D.

On February 26, 2016, while the direct appeal was pending, Baldwin's new counsel filed a verified motion for postconviction relief in the trial court. Ex. E at 1-186. An amended verification was filed with the court on April 4, 2016. *Id*. at 197. The State filed a response to the motion. *Id*. at 198-203. The state post-conviction court held an evidentiary hearing on April 21, 2016, during which counsel represented Baldwin. Ex. F (transcript). The judge determined he did not have jurisdiction over the proceeding because the direct appeal remained pending. *Id*. at 30-31. The judge stated the postconviction motion would need to be refiled once the court had jurisdiction. *Id*. at 35-39.

On April 25, 2016, Baldwin's counsel filed a notice of voluntary dismissal of the direct appeal in the First DCA. Ex. G. By order on April 27, 2016, the First DCA dismissed the appeal pursuant to Florida Rule of Appellate Procedure 9.350(b). Ex. H.

On June 27, 2016, the state post-conviction court held another evidentiary hearing. Ex. I. At the conclusion of the hearing, the judge denied the post-conviction motion. *Id*. at 174-88. On July 12, 2016, the judge entered a written order denying relief. Ex. E at 210-18.

Baldwin, through counsel, appealed the order denying postconviction relief to the First DCA and filed an initial brief in case number 1D16-3457. Ex. J.  The State filed an answer brief, Ex. K, and Baldwin filed a reply, Ex. L.  On March 21, 2018, the First DCA per curiam affirmed the case without a written opinion.  Ex. N; *see* Baldwin v. State, 242 So. 3d 1054 (Fla. 1st DCA 2018) (table).  The mandate issued April 11, 2018.  Ex. O.

On April 25, 2018, Baldwin, proceeding pro se, filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel, assigned case number 1D18-1806.  Ex. P.  He filed an amended petition on May 15, 2018, Ex. Q, and a second amended petition on May 22, 2018, Ex. R.  The State filed a response.  Ex. T.  Baldwin filed a reply on December 5, 2018.  Ex. U.  The case remains pending as of the date of this Report and Recommendation.  *See* online docket for 1D18-1806 at http://onlinedocketsdca.flcourts.org.

As indicated above, Baldwin filed his § 2254 petition on or about September 5, 2018.  ECF No. 1.  He filed an amended § 2254 petition on December 18, 2018, raising three claims of ineffective assistance of trial counsel.  ECF No. 7.  On July 8, 2019, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies, with exhibits, because Baldwin currently has pending in the First DCA a petition

for writ of habeas corpus alleging ineffective assistance of appellate counsel.  ECF No. 14.  Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* ECF No. 13.

## Analysis

Pursuant to § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that" the applicant "has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).  Furthermore, the statute provides that an applicant has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a petition must be promptly examined and if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process."  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  It is well settled that, absent extraordinary circumstances, a federal court will not

decide the merits of § 2254 claims until the claims have been exhausted in state court.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

In this case, as pointed out by Respondent, Petitioner has not exhausted the remedies available to him in the state courts because he currently has a pending petition for writ of habeas corpus in the First DCA alleging ineffective assistance of appellate counsel.  Although Petitioner's claims here assert only ineffective assistance of trial counsel, as Respondent points out, if the First DCA grants relief on the pending petition, that action may result in vacation of his conviction or a new direct appeal.  Because Petitioner has a pending action in state court, and has thus not yet exhausted the remedies available in state court, this petition should be dismissed without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A); *see, e.g.*, Rose v. Lundy, 455 U.S. 509, 518 (1982) (explaining that "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"); Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007) ("Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.").

## Concluson

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 14, be **GRANTED**, and Petitioner's amended § 2254 petition, ECF No. 7, be **DISMISSED without prejudice**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to

whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 14) be **GRANTED** and the amended § 2254 petition (ECF No. 7) be **DISMISSED without prejudice.** It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.**

**R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**</u>**. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**